In re SPUYTEN DUYVIL ROAD.

In re STAFFORD et al.

(Supreme Court, Special Term, New York County. June 1, 1903.)

1. MUNICIPAL CORPORATIONS (§ 404*)—STREET CLOSING PROCEEDINGS—COMPENSATION—LIMITATIONS.

Under Laws 1895, p. 2041, c. 1006, § 5, placing a two-year limitation upon claims for damages caused by the closing of a street, where a prior intention to close the street had been indicated by the filing of maps at a period before the act took place, maps which have an explanatory note directing attention to the use of India ink shading upon

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

portions of streets to be discontinued are not notice to property owners on streets not so shaded, so as to make applicable the two-year limitation.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 404.*]

2. MUNICIPAL CORPORATIONS (§ 404*)—STREET CLOSING PROCEEDINGS—COMPENSATION—TIME FOR FILING CLAIMS.

Laws 1895, p. 2037, c. 1006, relating to the opening and discontinuance of streets, provides in section 5 that parties having claims for compensation arising from the closing of streets shall present their claims within two years, etc., and provides in section 14 that when a street is to be opened contiguous to one that has been discontinued, damages for which discontinuance have not been awarded, parties interested may move that commissioners in the street opening proceedings shall assess damages and benefits together. *Held*, that the limitation in section 5 applied to section 14 as well, as the parties mentioned in section 14 were those having claims as mentioned in section 5.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 404.*]

3. LIMITATION OF ACTIONS (§ 127*)—STREET CLOSING PROCEEDINGS—COMPENSATION—INCREASE OF CLAIMS.

Under Laws 1895, p. 2041, c. 1006, § 5, limiting the filing of claims for damages from the discontinuance of streets to six years, claims filed in time cannot, after the period of limitations has expired, be increased.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 546; Dec. Dig. § 127.*]

Petition by Stafford and others to have commissioners in street opening proceedings assess damages from the discontinuance of contiguous streets. Granted.

Clarence C. Ferris, for petitioner.

George L. Rives, Corp. Counsel.

BISCHOFF, J. These petitions seek a direction that the commissioners in the street opening proceeding ascertain the damages sustained by the petitioners through the closing of Kingsbridge Road, "a contiguous street," and are presented as provided by section 14, c. 1006, p. 2051, of the Laws of 1895. In opposition it is contended that ·the petitioners have no standing, in that their claims were not presented within two years after the filing of the maps showing an intention to close Kingsbridge Road for the purposes of the opening of Spuyten Duyvil Road. The statute (chapter 1006, § 5, Laws of 1895) places a two-year limitation upon claims for damages caused by the closing of a street, where a prior intention to close the same street had been indicated by the filing of maps at a period before this act took effect. Where no such intention had been indicated, the limitation expressed is six years (section 5), and these claims had concededly been presented within that time.

·It is argued in behalf of the city that an intention to close Kingsbridge Road was indicated by the filing of certain maps in the years 1877 and 1888. These maps have been exhibited to me, and, upon examination, they are found to fall short of the virtue claimed for them. Evidently the statute intends that the purpose ·to close the street should have been reasonably apparent from the earlier maps,

if property holders are to be subjected to a shorter limitation for their claims upon the strength of the notice thus afforded, and it would appear that persons inspecting these maps would fail to find an expression of intention to close Kingsbridge Road, opposite these particular parcels, except in the case of the petitioner Berrien.   In the map of 1877 the explanatory note directs attention to the use of "India ink shading" upon portions of streets to be discontinued.   India ink shading is used in places, but conspicuously omitting those portions of Kingsbridge Road opposite the property of the petitioners, other than Berrien.   As to this one petitioner there is a clear indication of an intention to close the street.   As to all the others the intention is just as clearly to the contrary.   The map of 1888, "replacing partially" the Kingsbridge Road, is wholly lacking in detail, and appears to afford no notice of an intention to abandon any particular part of the existing road.

The claim of the petitioner Berrien must be rejected, because falling within the two-year limitation.   It was competent to the Legislature to fix this limitation, and I find no force in the suggestion of counsel that section 5, which places the limitation, does not apply to these proceedings under section 14 of the act.   The statute makes it the duty of the corporation counsel to bring the claims to a seasonable hearing; but, under section 14, the claimants themselves are allowed to move the hearing as a part of the proceedings to open the "contiguous street."   The "parties interested," who may move under section 14, are clearly the parties who have enforceable claims under section 5, and there is no necessity to look for a repetition in section 14 of the limitation which section 5 expresses.

Certain of the petitioners have presented amended and increased claims since the period of limitation has expired, and the claims at the increased amount are properly objected to.   The statute defines the manner in which claims are to be presented; and the claimants have no inherent right to make the claims greater, in avoidance of the limitation of time for the presentation of claims.

Application of petitioner Berrien denied.   Other applications granted, except as to increased amount of claims after the six-year limitation.   Settle order on notice.